# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

David A. Freeman,
Plaintiff,

8:25-cv- 2130-SDM-AAS

v.

Commonwealth of Massachusetts (official capacity, injunctive and declaratory relief),
Andrea Joy Campbell, Attorney General of Massachusetts (official capacity),
Clerk of Courts, Middlesex Superior Court (official capacity; personal capacity for Doc 62 concealment),
Regional Administrative Justice, Middlesex Superior Court (official capacity),
Judge Camille Sarrouf (official capacity),
John and Jane Doe Deputy Clerks, Middlesex Superior Court (official capacity),
Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND NOMINAL RELIEF

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, and § 504 of the Rehabilitation Act.

2. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). Sovereign immunity is abrogated for ADA Title II and § 504 claims.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff resides in Seminole, Pinellas County, Florida, and the effects of the violations alleged herein are felt in this district.

4. This case does not seek appellate review of any state court judgment and thus is not barred by the Rooker-Feldman doctrine. It does not seek to enjoin an ongoing state case on the merits, avoiding Younger abstention.

IFP

## II. SCOPE OF ACTION

5. This action pertains solely to acts and omissions of Defendants in the handling of filings, docketing, and procedural rulings in Massachusetts Superior Court, Middlesex County, civil action 2581CV01115.

6. Plaintiff does not challenge the merits of the underlying state case.

7. The relief sought is prospective and remedial; no state court judgment is under review.

8. These claims cannot be adequately addressed within the state forum because the same officials committing the challenged conduct control access to remedies.

## III. FEDERAL QUESTIONS PRESENTED

1. Whether the misapplication of Mass. Super. Ct. Rule 9A to judicial notices under Mass. G. Evid. § 201, which are not subject to Rule 9A, violates the ADA, Supremacy Clause, Full Faith & Credit Clause, and the First & Fourteenth Amendments.

2. Whether suppression of filings containing self-indicting municipal reports judicially noticed under § 201 constitutes Hazel-Atlas fraud on the court.

3. Whether an out-of-state ADA Title II litigant can be subjected to local procedural rules that conflict with federal protections.

4. Whether concealment of Doc 62 from the public docket violates access-to-courts rights and constitutes ongoing harm.

5. Whether fraud preservation doctrine exempts such filings from notice to the fraudulent party under Rule 9A.

6. Whether the lack of statutory authority or vexatious-litigant finding for the July 28 and August 4, 2025 orders renders them facially oppressive and unconstitutional.

7. Whether denial of two TROs seeking to enjoin municipalities from continued misconduct tied to Limone violations, on purely procedural grounds, further evidences deliberate indifference or coordinated suppression.

## IV. FACTUAL ALLEGATIONS

8. On November 10, 2024, the Commonwealth of Massachusetts served litigation papers upon Plaintiff at his Florida residence, confirming out-of-state status and triggering ADA Title II and § 504 procedural protections.

9. On June 11, 2025, Plaintiff filed Docket Entry #30, a Notice to Invoke the Limone Doctrine, with exhibits and memorandum. This filing was judicial notice under Mass. G. Evid. § 201, not a motion subject to Rule 9A.

10. Following Docket #30, Defendants issued orders expanding Rule 9A to all filings by Plaintiff (June 30, 2025) and imposing a pre-filing screening order (July 28, 2025) that bypassed Regional Administrative Justice review, despite no vexatious-litigant finding or statutory authority cited.

11. On August 4, 2025, Defendants ordered that none of Plaintiff's electronically filed motions or notices be docketed.

12. Multiple § 201 judicial notices containing self-indicting Newton Police reports were denied or marked 'No Action Taken' for alleged Rule 9A noncompliance, despite not being subject to Rule 9A.

13. On July 3, 2025 and July 18, 2025, Plaintiff filed two Emergency Motions for Temporary Restraining Order seeking to enjoin municipalities for conduct tied to Limone violations; both were denied solely on Rule 9A procedural grounds.

14. On August 7, 2025, Plaintiff filed Docket Entry #62, an Emergency Motion to Stay Proceedings and Notice of Federal Removal Obligation, asserting ADA, Supremacy Clause, and Full Faith & Credit claims. The filing was date-stamped and internally docketed but concealed from the public docket.

15. Certificates of service under Mass. R. Civ. P. 5 show that the City Solicitor's Office and Newton Police Department counsel had notice of these filings, supporting inference of coordinated suppression.

16. At the time of issuance, the July 28 and August 4, 2025 orders lacked any lawful basis in statute, rule, or vexatious-litigant finding, rendering them facially oppressive and constitutionally infirm.

17. The misconduct is ongoing, independent of the outcome of the state case, and cannot be remedied in the state forum.

## V. CLAIMS FOR RELIEF

- Count I – Denial of Access to Courts

Basis: First and Fourteenth Amendments; 42 U.S.C. § 1983

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count II – ADA Title II Violation

Basis: 42 U.S.C. §§ 12131–12134

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count III – Rehabilitation Act Violation

Basis: 29 U.S.C. § 794

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count IV – Procedural Due Process Violation

Basis: Fourteenth Amendment; 42 U.S.C. § 1983

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count V – Supremacy Clause Violation

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count VI – Full Faith and Credit Clause Violation

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count VII – Hazel-Atlas Fraud on the Court

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count VIII – Declaratory Judgment on Coordinated Suppression

Basis: 28 U.S.C. § 2201

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

- Count IX – Nominal Damages for Doc 62 Concealment

Basis: 42 U.S.C. § 1983 – Clerk of Courts personal capacity

Plaintiff incorporates all prior paragraphs as if fully set forth herein.

Defendants' actions, as described, violated Plaintiff's rights under the identified law(s).

## VI. PRAYER FOR RELIEF

18. Declare that Defendants' conduct violated Plaintiff's rights under the Constitution and laws of the United States.
19. Issue preliminary and permanent injunctive relief prohibiting application of Rule 9A to non-motion ADA-protected filings and requiring public docketing of all such filings.
20. Order the public docketing of Docket Entry #62 and all suppressed § 201 notices.
21. Award nominal damages ($1) against the Clerk of Courts in personal capacity for concealment of Docket Entry #62.
22. Award costs and reasonable attorney's fees under 42 U.S.C. § 1988.
23. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

David A. Freeman

9961 Indian Key Trail
Seminole, FL 33776

Service: Service@BostonJeepz.net