UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID A. FREEMAN,**

    **Plaintiff,**

v.                                         **Case No. 8:25-cv-2130-SDM-AAS**

**COMMONWEALTH OF
MASSACHUSETTS, et al.,**

    **Defendants.**
_____/

## ORDER

Plaintiff David A. Freeman, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). The court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. Mr. Freeman's financial application supports his claim of indigency.

    **I.**     **BACKGROUND**

Mr. Freeman filed a complaint against the Commonwealth of Massachusetts, Attorney General of Massachusetts Andrea Joy Campbell in her official capacity, the Clerk of Courts for the Middlesex Superior Court in their official capacity, the Regional Administrative Justice for the Middlesex

1

Superior Court in their official capacity, Judge Camille Sarrouf in her official capacity, and two unnamed deputy clerks at the Middlesex Superior Court in their official capacities.[1] (Doc. 1). Mr. Freeman alleges the defendants violated his rights in a state court case against Mr. Freeman. (Doc. 1, pp. 2–3). Mr. Freeman seeks declaratory relief, the entry of a permanent injunction, this court to order the Middlesex Superior Court to docket certain filings, nominal damages of $1 against the Clerk of Court for the Middlesex Superior Court, and to award Mr. Freeman reasonable attorney's fees. (Doc. 1, p. 4).

## II.     LEGAL STANDARD

To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case if it determines that an action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] Mr. Freeman has filed three cases in the Middle District of Florida since July 2025. *See Freeman v. Freeman*, 8:25-cv-01803-KKM-LSG (action dismissed for failure to amend shotgun pleading); *Freeman v. City of Newton et al.*, 8:25-cv-02117-SDM-TGW (an action where Mr. Freeman attempts to remove his own state court action to federal court); and *Freeman v. Commonwealth of Massachusetts et al.*, 8:25-cv-02130-SDM-AAS (this action).

"A claim is frivolous 'where it lacks an arguable basis either in law or fact.'" *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1338 (N.D. Ga. 2017), *aff'd sub nom. Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) when the facts as pleaded do not state a claim for relief that is plausible on its face. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court has an obligation to construe a *pro se* plaintiff's pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this liberal construction does not allow the court to act as de facto counsel or rewrite otherwise deficient pleadings for a *pro se* litigant. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**III. ANALYSIS**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Importantly, "the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court." *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003). Eleventh Amendment immunity extends to a state agency or state entity functioning as an arm of the

state. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). The Middlesex Superior Court and the defendants acting in their official capacities are arms of the state and enjoy Eleventh Amendment immunity. *See Daly v. Mason*, 752 F. Supp. 3d 368, 375 (D. Mass. 2024) ("[S]tate officials acting in their official capacity are considered an extension of the state[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). The Eleventh Amendment bars Mr. Freeman, a citizen of the state of Florida, from suing the Commonwealth of Massachusetts, the Middlesex Superior Court of Massachusetts, and the state officials in their official capacities. *See* U.S. Const. amend. XI; *see also Hans v. Louisiana*, 134 U.S. 1, 10 (1890) ("[A] state cannot be sued by a citizen of another state[.]").

Judge Sarrouf and the court clerks also enjoy judicial immunity, Attorney General Campbell enjoys prosecutorial immunity, and each defendant acting within their official capacities enjoys qualified immunity. *Cline v. Burke*, 682 F. Supp. 3d 125, 130–32 (D. Mass. 2023), aff'd, No. 23-1680, 2024 WL 5412394 (1st Cir. Oct. 16, 2024). Because Mr. Freeman fails to state cognizable grounds to overcome the defendants' immunities in his complaint, his claims against the defendants are barred.

Mr. Freeman also requests the court, in a single motion, for access to electronic filing in this case, service of process by the U.S. Marshals, and a temporary restraining order. (Doc. 3). This motion is improper as it does not include a legal memorandum supporting each of the three separate requests in the motion. *See* Local Rule 3.01(a). As such, the motion (Doc. 3) is **DENIED without prejudice**. Additionally, Mr. Freeman's requests for service of process by the U.S. Marshals and a temporary restraining order are premature at this stage, and Mr. Freeman's request for electronic filing access is unsupported.

## IV. CONCLUSION

Mr. Freeman's current complaint does not state a proper cause of action. Accordingly, Mr. Freeman's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. If Mr. Freeman wishes to amend, he may file an amended complaint that states a proper cause of action by **September 26, 2025**. Otherwise, the court will recommend Mr. Freeman's motion to proceed in forma pauperis be denied and the complaint be dismissed.[2] Mr. Freeman's motion for electronic filing access, service of process by the U.S. Marshals, and a temporary restraining order (Doc. 3) is **DENIED without**

---

[2] To proceed in forma pauperis, Mr. Freeman's complaint must state a viable cause of action. However, Mr. Freeman may pay the filing fee and conduct proper service of process if he wishes to proceed under this complaint.

**prejudice**.

**ORDERED** in Tampa, Florida on August 22, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

David A. Freeman
9961 Indian Key Trail
Seminole, FL 33776